IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>        Defendants. | Case No. 24-cv-8775<br><br>**Judge Jorge L. Alonso**<br><br>**Magistrate Judge Sheila M. Finnegan** |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF PRELIMINARY INJUNCTION

Plaintiff, Luxury Brands, LLC ("Plaintiff"), by and through its undersigned counsel, hereby submits this Memorandum in support of its Motion for Entry of a Preliminary Injunction. For the reasons set forth herein, Plaintiff respectfully urges that the Court should grant this Motion. This Motion, and the injunctive relief sought, is limited to those Defendants identified on the redacted Schedule A attached to Plaintiff's Motion who have received proper notice of this Motion. As used herein, the terms "Defendants" and "Defendant Internet Stores" should be understood to be limited to just those entities identified on the redacted Schedule A[1].

### INTRODUCTION

Plaintiff is requesting a preliminary injunction based on an action for trademark infringement and/or counterfeiting, as well as copyright infringement. As alleged in Plaintiff's Complaint, Defendants are engaged in the unauthorized marketing and distributing of unlicensed products using infringing and/or counterfeit versions of Plaintiff's federally registered trademarks

---

[1] Plaintiff anticipates filing an additional motion for preliminary injunction as to the remaining unserved Defendants located on the Aliexpress platform (Does 17-48) (the "Aliexpress Defendants") upon proper identification and notice to the Aliexpress Defendants.

on e-commerce platform listings which use infringing copies of versions of Plaintiff's copyrighted marketing materials (collectively, the "Counterfeit/Infringing Products"). Defendants operate through various fully interactive, commercial internet stores operating under at least the Online Marketplace Accounts listed in Schedule A (collectively, the "Defendant Internet Stores"). As discussed further herein, Plaintiff has had an opportunity to take third-party discovery from several entities who operate in active concert or participation with Defendants; namely, several on-line retail platforms and payment processing companies. Plaintiff continues to receive additional discovery from these entities. It is critical that Defendant Internet Stores and those in active concert or participation with Defendants continue to be subject to the terms previously set forth in the TRO requiring cessation of the infringing activity and restraining of the payment accounts. This is imperative to prevent any attempt on the part of such entities to circumvent Plaintiff's enforcement efforts by transferring funds out of the accounts to other accounts outside this Court's jurisdiction.

## STATEMENT OF FACTS

### I. Jurisdiction

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., the Copyright Act, 17 U.S.C. § 101, et seq., and 28 U.S.C. §§ 1338(a) and 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This Court may properly exercise personal jurisdiction over Defendants because Defendants directly target business activities toward consumers in the United States, including Illinois, through at least the fully interactive Defendant Internet Stores. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target U.S. consumers using one or more seller aliases through which Illinois residents can purchase Counterfeit/Infringing Products. *See, e.g., Christian Dior Couture, S.A. v. Lei Liu et al.*, 2015 U.S. Dist. LEXIS 158225,

at *6 (N.D. Ill. Nov. 17, 2015) (personal jurisdiction proper over defendant offering to sell alleged infringing product to United States residents, including Illinois; no actual sale required); *see also Monster Energy Co. v. Zheng Peng*, Case No. 17-cv-414, 2017 WL 47732769, at *7 (N.D. Ill. Oct. 23, 2017). Each of the Defendants are engaging in interstate commerce, committing tortious acts in Illinois, and have wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II. Plaintiff's Products, Trademark, and Copyrighted Material.

Plaintiff designs, manufactures, sells, and distributes high-quality haircare products, including popular detangling hairbrushes (collectively, "Plaintiff's Products"). Dkt. 12 at ¶ 3. Since 2017, Plaintiff has sold tens of millions of Plaintiff's Products and Plaintiff generated around $16.5 million in 2023 from the sale of Plaintiff's Products and has already generated over $25 million in sales in 2024. *Id*. at ¶ 4. Plaintiff holds registrations for the standard character mark FHI HEAT (Registration No. 3,731,453) and UNBRUSH (Registration No. 5,565,293) with the United States Patent and Trademark Office ("Plaintiff's Trademarks"). *Id*. at ¶ 5, Ex. 1. Plaintiff also uses copyrighted marketing material (the "Copyrighted Material") to market Plaintiff's Products. *Id*. at ¶ 6. Plaintiff uses Plaintiff's Trademarks and Copyrighted Material extensively in connection with the marketing of Plaintiff's Products *Id.* at ¶¶ 7, 8. Plaintiff expends significant resources advertising, promoting, and marketing Plaintiff's Products using Plaintiff's Trademarks and Copyrighted Material to do so. *Id.* at ¶ 8. Plaintiff's Trademarks are distinctive when applied to Plaintiff's Products, signifying to the purchaser that the products come from Plaintiff and are manufactured to Plaintiff's high-quality and safety standards. *Id.* at ¶ 9.

## III. Defendant's Unlawful Activities.

The marketplace success of Plaintiff's Products has resulted in significant counterfeiting of Plaintiff's Products and/or infringement of Plaintiff's Trademarks and Copyrighted Material.

Dkt. 12 at ¶ 12. Consequently, Plaintiff maintains an anti-counterfeiting program and investigates suspicious e-commerce stores identified in proactive Internet sweeps. Dkt. 12 at ¶ 13. Plaintiff has identified numerous fully interactive e-commerce stores, including those operating the Defendant Internet Stores, which offer for sale and/or sell the Counterfeit/Infringing Products to consumers in this Judicial District and throughout the United States. *Id.* ¶ at 14 and Ex. 4. Additionally, Counterfeit/Infringing Products for sale by the Defendant Internet Stores bear similar irregularities and indicia of being counterfeit/infringing to one another, suggesting that the Counterfeit/Infringing Products were manufactured by, and come from, common sources and that Defendants are interrelated.

### IV. Present Procedural Context and Status of Discovery Efforts.

On September 25, 2024, this Court granted Plaintiffs' *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO"). Dkt. 24. The Court has since granted Plaintiff's Motion to Extend the TRO such that it now expires on October 23, 2024. Dkt. 28. The Court has permitted Plaintiff to provide Defendants with notice of these proceedings and to serve pleadings filed in the case by publishing a link to said pleadings on a website and sending a link to said website via email, to email addresses owned by Defendants. Dkt. 24. Pursuant to the TRO entered in this action, financial accounts associated with the Defendant Internet Stores have been restrained.

Plaintiff has diligently pursued third-party discovery from those in active concert or participation with Defendants as ordered in the TRO. To date, Plaintiff has received from Alibaba, Amazon, DHgate, eBay, PayPal, Shopify, Stripe, Temu, Walmart, and Wish some of the discovery that the Court ordered to be produced in the TRO. However, despite Plaintiff's diligent efforts, Aliexpress has not yet provided Plaintiff with the court-ordered discovery. Plaintiff continues to

follow up with these entities as appropriate to procure additional information identified in the TRO and will move for preliminary injunction as to the Aliexpress Defendants[2] as soon as the contact information for those Defendants has been received.

## ARGUMENT

### I. A Preliminary Injunction Extending the Relief Already Granted in the TRO is Appropriate Here.

Plaintiff requests that this Court convert the TRO previously entered in this action to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts regularly convert temporary restraining orders to preliminary injunctions in similar actions where the circumstances justify it. *See, e.g., Doe v. The Partnerships & Unincorporated Assocs. Identified in Sch. "A"*, 1:21-cv-06222, Dkt. 29 (N.D. Ill. Jan. 5, 2022) (converting TRO to a preliminary injunction in a Plaintiff's trademark counterfeiting and copyright infringement case); *Doe v. The Partnerships & Unincorporated Assocs. Identified in Sch. "A"*, 1:21-cv-05220, Dkt. 52 (N.D. Ill. Nov. 23, 2021) (converting TRO to a preliminary injunction in a Plaintiff's trademark counterfeiting and copyright and design patent infringement case); *SmoothAir, Inc. v. The Partnerships & Unincorporated Assocs. Identified in Sch. "A"*, 1:21-cv-03924, Dkt. 44 (N.D. Ill. Oct. 5, 2021) (converting TRO to a preliminary injunction in a Plaintiff's trademark counterfeiting and copyright infringement case); *Jawzrsize, LLC v. The Partnerships & Unincorporated Assocs. Identified in Sch. "A"*, 1:21-cv-02888, Dkt. 48-49 (N.D. Ill. July 16, 2021) (same). Plaintiff's copyright infringement claim provides further support for entry of a Preliminary Injunction here.

---

[2] Plaintiff's Motion includes a request by Plaintiff that the current TRO (Dkt 24) be extended as to the Aliexpress Defendants until they can be served with notice of Plaintiff's imminent motion of preliminary injunction as to those Defendants. The limited extension of the TRO as to those Defendants is appropriate. *See, e.g., H−D Mich., LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 843−45 (7th Cir. 2012).

### A. This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied.

The standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). The requirements, therefore, for entry of a preliminary injunction extending the TRO have been satisfied here. A temporary restraining order or preliminary injunction may be issued upon a showing that the following criteria have been satisfied: (1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction. *Spinmaster, Ltd. v. Overbreak LLC*, 404 F. Supp. 2d 1097, 1102 (N.D. Ill. 2005). By virtue of this Court's entry of the TRO, the Court has already found that the above requirements have been satisfied.

### B. The Equitable Relief Previously Granted Remains Appropriate.

Plaintiff requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain restrained during the pendency of this action. Since entry of the TRO, through expedited third-party discovery ordered by the Court, Plaintiff has obtained information concerning Defendant Internet Stores' infringing activity. As set forth above, such information includes, *inter alia*, email addresses used by certain of the Defendants to create and maintain accounts with on-line retail platforms, account balance information for payment accounts containing proceeds from infringing sales, and sales data for infringing Defendant Internet Stores.

In the absence of a preliminary injunction, Defendants may attempt to transfer assets from accounts with U.S.-based financial institutions to offshore accounts. It is critical, therefore, that Defendants' assets remain restrained throughout the entirety of this action while the merits of Plaintiff's trademark counterfeiting/infringement and copyright infringement claims are adjudicated. Plaintiff's damages, which are both monetary in nature as well as of a nature not amenable to monetary quantification (e.g., loss of goodwill; loss of exclusivity), far exceed the sums contained in Defendants' restrained accounts. As such, an Order by this Court requiring that Defendants' financial accounts remain restrained during the pendency of this action is necessary and appropriate. Both the Lanham Act and the Copyright Act expressly contemplate granting of injunctive relief in appropriate cases. *See* 15 U.S.C. § 1116(a) (Lanham Act); 17 U.S.C. § 502 (Copyright Act).

Defendants' unauthorized use of Plaintiff's Trademarks and Copyrighted Material has irreparably harmed, and continues to irreparably harm, Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's business reputation, loss of exclusivity, and loss of future sales. Dkt. 12 at ¶ 17. Plaintiff has invested substantial time, money, and effort creating and promoting Plaintiff's Products using Plaintiff's Trademarks and Copyrighted Material to do so. *Id.* at ¶ 18. The extent of the harm to Plaintiff's business reputation and goodwill in the market, and the possible diversion of customers away from Plaintiff due to loss of confidence in Plaintiff's brand, is irreparable and incalculable. *Id.* at ¶ 19. Such harm, therefore, warrants an immediate halt to Defendants' infringing activities through injunctive relief. *See Promatek Industries, Ltd. v. Equitrac Corp.*, 300 F.3d 808, 813 (7th Cir. 2002) (finding that damage to plaintiff's goodwill constituted irreparable harm for which plaintiff had no adequate remedy at law). Plaintiff will

suffer immediate and irreparable injury, loss, and damage if a preliminary injunction is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1). Dkt. 12 at ¶ 20.

## **CONCLUSION**

In view of the foregoing, Plaintiff respectfully requests that this Court enter the requested Preliminary Injunction.

Date: October 18, 2024											Respectfully submitted,

/s/Brandon Beymer
Brandon Beymer (ARDC No. 6332454)
Daliah Saper (ARDC No. 6283932)
Saper Law Offices, LLC
505 N. LaSalle, Suite 60654
Chicago, Illinois 60654
(312) 527-4100
brandon@saperlaw.com
ds@saperlaw.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2024, I electronically filed the foregoing with the Court using the CM/ECF system and I will serve Defendants with this Motion and Memorandum through email and electronic publication.

/s/ Brandon Beymer
Brandon Beymer