**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

John Doe,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

Defendants.

**CASE NO.** 1:24-cv-08775

**Judge:** Jorge L. Alonso

**Magistrate Judge:** Sheila M. Finnegan

**DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(2) AND INCORPORATED MEMORANDUM OF LAW**

Defendant No. 234, FENGTI Co., Ltd ("FENGTI" or "Defendant"), by and through counsel, file this Motion to Dismiss Plaintiff Luxury Brands, LLC's ("Plaintiff") Complaint against them under Rule 12(b)(2).

## I. INTRODUCTION

While Defendant disagrees with Plaintiff's infringement claims concerning its trademark and copyrights, this Court should dismiss the claims against Defendant for lack of personal jurisdiction under Rule 12(b)(2).

Defendant is a Chinese entity that lacks contact with Illinois. *See* Decl. of Weifeng Li, attached as **Exhibit 1**. Although Defendant's interactive online storefronts may be accessed from Illinois, "FENGTI has never sold or shipped any accused products to Illinois." *See* Ex. 1, ¶ 5. Therefore, Defendant has not purposefully availed themselves to Illinois of this Court's judicial district. Accordingly, this Court lacks personal jurisdiction over this Defendant.

## II. PROCEDURAL BACKGROUND

On September 23, 2024, Plaintiff filed its Complaint, alleging that all defendants identified in Schedule "A," including Defendant, infringed on Plaintiff's trademark and copyrighted images. [Dkt. No. 1 & 5].

On the same day, 2024, Plaintiff filed a motion for entry of a temporary restraining order ("TRO"). [Dkt. No. 9]. On September 25, 2024, the Court entered a TRO order. [Dkt. 24].

On October 18, 2024, Plaintiff filed its Motion for Preliminary Injunction. [Dkt. No. 32].

On the same day, Plaintiff electronically served the Defendant identified in Schedule "A," including Defendant. [Dkt. No. 35].

## III. LEGAL STANDARDS

Once the defendant moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Purdue Research Found v. Sanofi-Synthelabo, S.A.*, 388 F. 3d 773, 782 (7th Cir. 2003). To determine whether the plaintiff met its burden, courts may consider affidavits from both parties. *United Airlines, Inc. v. Zaman*, No. 14 C 9214, 2015 U.S. Dist. LEXIS 56982, at *3 (N.D. Ill. Apr. 30, 2015) (citing *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012)). While courts must resolve factual disputes in the plaintiff's favor at this early stage, unrefuted facts in the defendant's affidavits must be taken as true. *Id*.

## IV. ARGUMENTS

General jurisdiction is permitted only where the defendant has "continuous and systematic general business contacts" with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).

Specific jurisdiction exists only if a defendant: (1) "purposefully directed its conduct into the forum State"; and (2) plaintiff's claim "arise[s] out of or relate[s] to" to the defendant's "forum related conduct." *See Bristol-Myers Squibb Co. v. Superior Ct. of Cal., 137 S. Ct. 1773*, 1785-86 (2017); *see also N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014).

In the present case, Defendant does not have minimum contacts with Illinois and as such neither general jurisdiction nor specific (personal) jurisdiction can be constitutionally exercised. The Complaint against Defendant should be dismissed.

**A. <u>This Court lacks general jurisdiction over Defendant</u>**

In the present case, this Court lacks general jurisdiction over Defendant because they do not have "continuous and systematic general business contacts" with Illinois.

Defendant is a Chinese entity incorporated in China and operates solely from China. *See* Ex. 1, ¶ 3. It has "no office, employees, or agents in Illinois" and "has not engaged in advertising, marketing, or held any telephone lines or listings in Illinois." *Id*. at ¶4. Additionally, "it does not maintain any bank accounts or warehouse inventory in Illinois and has never used an internet service provider from Illinois." *Id*.

Therefore, this Court lacks general jurisdiction over Defendant because Defendant lacks continuous and systematic general business contacts with Illinois.

**B. <u>Specific Jurisdiction cannot be constitutionally exercised over Defendant</u>**

The Seventh Circuit has held that operating a website that is accessible in the forum state, but does not specifically target the forum state, does not create specific personal jurisdiction. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc*., 751 F.3d 796, 801–02 (7th Cir. 2014); *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011); *see also Gullen v. Facebook.com, Inc.,* No. 15 C 7681, 2016 WL 245910, at *2 (N.D. Ill. Jan. 21, 2016). This reflects that specific jurisdiction must rest on forum-related contacts of the defendant, not the "plaintiff (or third parties)." *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 913 (7th Cir. 2015). When all a defendant does is make a website available in a forum state, the defendant's relation to the forum is "entirely fortuitous, depending wholly on activities outside of the defendant's control." *Advanced Tactical Ordnance Sys.*, 751 F.3d at 803.

1. Defendant Lack the Minimum Contacts with Illinois to Support Specific Jurisdiction.

The Seventh Circuit has cautioned that "[c]ourts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not hauled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" *be2 LLC*, 642 F.3d 558 (7th Cir. 2011) (citing *Illinois v. Hemi Group LLC*, 622 F.3d 754, 760 (7th Cir. 2010)). Beyond simply operating an interactive website— even a "highly interactive" website— that is accessible from the forum state, a defendant must in some way *target* the forum state's market before she may be hauled into court in that state without offending the Constitution. *Id*. at 558-59 (citations omitted); *see also Walden*, 517 U.S. at 284 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)) ("Due process requires that a defendant be hauled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State."); *Rubik's Brand, Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 20-CV-5338, 2021 WL 825668, at *3 (N.D. Ill. Mar. 4, 2021) (the mere operation of an interactive website does not constitute sufficient contact when unaccompanied by activities expressly targeting the forum state).

In the present case, Defendant has no contact with Illinois and does not meet the standards for establishing specific jurisdiction. Defendant operates its business through the Walmart e-commerce platform, which is accessible globally. There is no evidence that they intentionally targeted Illinois customers or specifically directed transactions toward Illinois. This lack of substantial connection with Illinois, coupled with the absence of any direct, targeted activity towards this state by Defendant, fails to meet the threshold for personal jurisdiction, thus warranting dismissal of the complaint against Defendant.

2. Jurisdiction Cannot Be Exercised Over Defendant Consistent with Traditional Notions of Fair Play and Substantial Justice.

Even if this Court finds a bare minimum of contacts with Illinois, jurisdiction over Defendant is only proper if exercising jurisdiction "does not offend traditional notions of fair play and substantial justice." *Hemi*, 622 F.3d at 759 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In making this determination, the Court should consider: [T]he burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of [the underlying dispute], and the shared interest of the several States in furthering fundamental substantive social policies. *Id*. (alteration in original). The factors are considered on a sliding scale: the weaker the defendant's contacts with the forum state, the less likely it is that exercising jurisdiction over that defendant is appropriate. *Id*. at 759-60.

In the present case, the burden on Defendant to litigate in Illinois is substantial given their lack of contact with the state. Moreover, the state of Illinois has a minimal interest in adjudicating this dispute since the allegations are at most address *de minimis* issues, causing virtually no appreciable actual injury to Plaintiff in this forum state.

Notably, neither party is based in Illinois. Defendant is an entity that is incorporated and operates solely from China. Plaintiff is a limited liability company based in Norwalk, California. [Dkt. No. 5, ¶6]. Because Defendant has sold and shipped accused items to Illinois, the Illinois courts would not provide specific efficiencies in resolving this matter. Therefore, California or China would serve as a more appropriate forum for this case, given their significantly stronger connection with the parties involved than the state of Illinois.

Consequently, even if minimal contact is found to exist, this Court should decline to exercise jurisdiction as it would contravene traditional notions of fair play and substantial justice.

## V. CONCLUSION

For the foregoing reasons, Defendant respectfully request that this Court dismiss the Complaint against it.

Date: October 28, 2024

/s/ He Cheng

He Cheng,
Palmer Law Group, P.A.
401 E Las Olas Blvd, Suite 1400
Fort Lauderdale, FL 33308
www.palmerlawgroup.com
Tel: +1 (917) 525-1495
Attorney for Defendant