**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>    Defendants. | Case No. 24-cv-8775<br><br>**Judge Jorge L. Alonso**<br><br>**Magistrate Judge Sheila M. Finnegan** |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff Luxury Brands, LLC, ("Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the domain names identified in Schedule A (the "Defendant Domain Names") and the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion in part as follows.

This Court finds Plaintiff has provided notice to Defendants in accordance with the Temporary Restraining Order entered September 25, 2024, Docket No. 24 ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer

shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of Plaintiff's federally registered FHI Heat trademark (Registration No. 3,731,453) and UNBRUSH trademark (Registration No. 5,565,293) (the "Plaintiff Trademarks") to residents of Illinois using e-commerce listings which infringe Plaintiff's copyrighted marketing materials (the "Copyrighted Material"). In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the Plaintiff Trademarks. *See* Docket No. 12-4 through 12-34, which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its counterfeit/infringing goods to customers in Illinois bearing infringing and/or counterfeit versions of the Plaintiff Trademarks and/or using infringing copies of the Copyrighted Material to do so.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a TRO establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of trademark infringement because (1) the Plaintiff Trademarks are distinctive marks and are registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to

use any of the Plaintiff Trademarks, and (3) Defendants' use of the Plaintiff Trademarks is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Plaintiff.

Further, Plaintiff has proved a *prima facie* case of copyright infringement because (1) Plaintiff owns valid copyrights in the Copyrighted Material, (2) the products sold by the Defendants are advertised with the same or substantially similar marketing materials as Plaintiff's Copyrighted Material, and (3) Defendants have had access to Plaintiff's Copyrighted Material.

Furthermore, Defendants' continued and unauthorized use of the Plaintiff Trademarks and/or Copyrighted Material irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1.  Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a.  using the Plaintiff Trademarks or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Plaintiff Trademarks;

b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff Trademarks;

c.  committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d.  reproducing, publicly displaying, distributing, or otherwise further infringing Plaintiff' copyrights in the Copyrighted Material; and

e.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Plaintiff Trademarks, or any reproductions, counterfeit copies, or colorable imitations.

2.  Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3.  The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order or prior to the expiration of this Order, whichever date shall occur

4

first, shall disable the Defendant Domain Names and make them inactive and untransferable until further order by this Court.

4.      Upon Plaintiff's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as Alibaba Group Holding Ltd., Ant Group Co. Ltd., and AliExpress E-Commerce One Pte. Ltd. (individually and collectively "Alibaba"), Amazon.com, Inc. and Amazon Payments, Inc. (individually and collectively ("Amazon"), ContextLogic Inc. d/b/a "Wish.com" ("Wish"), Dunhuang Group ("DHgate"), eBay, Inc. ("eBay"), LL Pay U.S., LLC d/b/a "LianLian Global," LianLian Bao (Hangzhou) Information Technology Co., Ltd., and Lianlian Yintong Electronic Payment Co., Ltd. (individually and collectively "LianLian"), Payoneer Global Inc. ("Payoneer"), PayPal, Inc. ("PayPal"), Shopify, Inc. ("Shopify"), Stripe, Inc. ("Stripe"), Walmart, Inc. ("Walmart"), and Whaleco Inc. d/b/a "Temu.com" ("Temu"), or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA) (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

a.      the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

5

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, any Third Party Providers, including online marketplace platforms such as Alibaba, Amazon, DHgate, eBay, LianLian, Payoneer, PayPal, Shopify, Stripe, Temu, Walmart, and Wish.

5. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with (i) the sale of counterfeit and/or infringing goods using the Plaintiff Trademarks; and (ii) the reproduction, public display, distribution, or other use of Plaintiff's Copyrighted Material.

6. Any Third Party Providers, including Alibaba, Amazon, DHgate, eBay, LianLian, Payoneer, PayPal, Shopify, Stripe, Temu, Walmart, and Wish, shall, within seven (7) calendar days of receipt of this Order:

a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in

Schedule A hereto, and any e-mail addresses provided for Defendants by third parties; and

b.  restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

7.  Plaintiff may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Pleadings, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "Guangzhou Hair I Need Trading Co., Ltd. and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8.  10.  Exhibits 1 and 2 to Plaintiff's redacted Complaint (Docket Nos. 2 and 3), Plaintiff's unredacted Complaint and Exhibits 1-3 thereto (Docket Nos. 5 through 5-3), Schedule A to the redacted and unredacted Complaint (Docket Nos. 4 and 5-4), Plaintiff's unredacted Memorandum in support of its Motion (Docket No. 11), the Declaration of Jason Dodo (Docket No. 12), and Exhibits 1 through 4 thereto (Docket Nos. 12-1 through 12-34), Plaintiff's Notice of Trademark Claim (Docket No. 7), and the TRO (Docket No. 24) are unsealed.

9.    Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

10.   The $261,000 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

**Jorge L. Alonso**
United States District Judge

Dated: October 29, 2024

8

# Schedule A

| Doe # | Market-place | Defendant Name | Merchant ID | Product ID | TM Used | Copyright Used |
|---|---|---|---|---|---|---|
| 17 | Aliexpress | Alice Dream | 1101215689 | 3256806407255080 | 3731453 | |
| 17 | Aliexpress | Alice Dream | 1101215689 | 3256806536709396 | | VA0002379354, VA0002379262 |
| 18 | Aliexpress | Shop5633137 Store | 1101377357 | 3256806229977771 | | VA0002379262 |
| 19 | Aliexpress | SunFay Warm Store | 1101747766 | 3256807153384837 | 5565293 | |
| 20 | Aliexpress | Makeup Wonderland Store | 1101748569 | 3256807142504612 | 5565293 | |
| 21 | Aliexpress | QUEEON Makeup Store | 1101755606 | 3256807142559849 | 5565293 | |
| 22 | Aliexpress | Healthy feet Tools Store | 1101758404 | 3256807142384951 | 5565293 | |
| 23 | Aliexpress | WanMei Beauty Store | 1101793366 | 3256805890038243 | 5565293 | |
| 24 | Aliexpress | Tianyi makeup Store | 1101804645 | 3256806511771030 | 3731453 | |
| 25 | Aliexpress | Huawei Choice2 Store | 1102417010 | 3256806046081575 | 5565293 | VA0002403011 |
| 26 | Aliexpress | Fashion Beauty Makeup Store | 1102664398 | 3256806669879596 | 5565293 | |
| 27 | Aliexpress | Confident Beautiful Rich Girls Store | 1102673164 | 3256806769702009 | 5565293 | |
| 28 | Aliexpress | BEST Dropshipping Store | 1102823140 | 3256807109922018 | 5565293 | VA0002403011, VA0002379262 |
| 28 | Aliexpress | BEST Dropshipping Store | 1102823140 | 3256807111580673 | 5565293 | VA0002379354, VA0002403011, VA0002379262 |
| 28 | Aliexpress | BEST Dropshipping Store | 1102823140 | 3256807111603613 | 5565293 | VA0002379354, VA0002403011, VA0002379262 |
| 29 | Aliexpress | MeiLaMei Beauty Store | 1102913078 | 3256806211004458 | 5565293 | |
| 29 | Aliexpress | MeiLaMei Beauty Store | 1102913078 | 3256806557899809 | 5565293 | |
| 30 | Aliexpress | Kalman Cosmetics Strong Supplier Store | 1102922359 | 3256806614462815 | | VA0002379354, VA0002379262 |
| 31 | Aliexpress | Lucky Coming Store | 1103044079 | 3256806917250341 | 5565293 | VA0002379354 |
| 32 | Aliexpress | Luckin Come Store | 1103107310 | 3256806916922883 | 5565293 | VA0002379354 |
| 33 | Aliexpress | YiGetRich0 Store | 1103269543 | 3256806903743742 | 5565293 | VA0002379354 |
| 34 | Aliexpress | Shop1103276603 Store | 1103276604 | 3256806679961344 | 5565293 | VA0002379354 |
| 35 | Aliexpress | Fashion Beauty Makeup Store | 1103284005 | 3256806674627372 | 5565293 | |
| 36 | Aliexpress | WODEC Home And Tools Supermarket Store | 1103307551 | 3256806983974103 | 5565293 | |
| 37 | Aliexpress | Omsblkin Beauty And Skin Care Store | 1103379361 | 3256806292981273 | 5565293 | VA0002379262 |
| 37 | Aliexpress | Omsblkin Beauty And Skin Care Store | 1103379361 | 3256806478604957 | 5565293 | VA0002379354 |
| 38 | Aliexpress | Shop1103438302 Store | 1103437338 | 3256807150528868 | 5565293 | VA0002403011, VA0002379262 |
| 39 | Aliexpress | Shop1103539126 Store | 1103539127 | 3256807096673183 | 5565293, 3731453 | VA0002379354, VA0002403011, VA0002379262 |
| 39 | Aliexpress | Shop1103539126 Store | 1103539127 | 3256807096992570 | 5565293 | VA0002379354, VA0002403011, VA0002379262 |
| 40 | Aliexpress | MAGIC PANDA Store | 1103597815 | 3256806903744781 | 5565293 | VA0002379354 |
| 41 | Aliexpress | Fuyuan Beauty Store | 1103599816 | 3256806621364744 | 5565293 | VA0002379354 |
| 42 | Aliexpress | Shop1103596835 Store | 1103599819 | 3256806709058843 | 5565293 | VA0002379354 |
| 43 | Aliexpress | Shop1103702087 Store | 1103690330 | 3256807109886665 | 5565293, 3731453 | VA0002379354, VA0002403011, VA0002379262 |
| 43 | Aliexpress | Shop1103702087 Store | 1103690330 | 3256807116024676 | 5565293, 3731453 | VA0002379354, VA0002379262 |

| 43 | Aliexpress | Shop1103702087 Store | 1103690330 | 3256807130525680 | 5565293, 3731453 | VA0002379354, VA0002403011, VA0002379262 |
|----|-----------|----------------------|------------|------------------|------------------|------------------------------------------|
| 44 | Aliexpress | Shop1103698168 Store | 1103692352 | 3256807130595626 | 5565293, 3731453 | VA0002379354, VA0002379262 |
| 45 | Aliexpress | ZGD Store | 1103712508 | 3256806728992680 | 5565293 | VA0002379354, VA0002403011, VA0002379262 |
| 46 | Aliexpress | LA ROCHE-PSAY Dropshipping Store | 1103877416 | 3256807056754979 | 5565293 | VA0002379354, VA0002403011, VA0002379262 |
| 46 | Aliexpress | LA ROCHE-PSAY Dropshipping Store | 1103877416 | 3256807057059483 | 5565293 | VA0002379354, VA0002403011, VA0002379262 |
| 46 | Aliexpress | LA ROCHE-PSAY Dropshipping Store | 1103877416 | 3256807057122421 | 5565293 | VA0002379354, VA0002403011, VA0002379262 |
| 47 | Aliexpress | Shop1103530971 Store | 1103535916 | 3256807086332971 | 5565293, 3731453 | VA0002379354, VA0002403011, VA0002379262 |
| 48 | Aliexpress | Shop1103692353 Store | 1103692354 | 3256807130613844 | 5565293, 3731453 | VA0002379354, VA0002403011, VA0002379262 |